### SULLIVAN AD. VS. DEADMAN.

On the trial of a case *de novo*, in the circuit court, on appeal from the probate court, it is in accordance with the spirit of the statute (*sec.* 201, *chap.* 4, *Gould's Dig.*,) to permit a party to introduce other evidence than that contained in the record of the case, as tried in the probate court.

The fact that the drawee has no funds of the drawer in his hands, is *prima facie* an excuse for not giving the drawer notice of the protest of a bill of exchange for non-payment: and if there be any special circumstances entitling him to notice the onus is upon him to prove them.

*Appeal from Arkansas Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for the appellant.

It is a general principle that where an appellate jurisdiction only is exercised by one court of record over cases coming from another, such cases are to be taken as they were in the latter court, without] addition or diminution, *Marbury vs. Madison*, 1 *Cranch*, 137; 4 *Bouv. Inst.* 70. Under the statute (*secs.* 200, 201, *chap.* 4, *Gould's Dig.*,) the Circuit Court, on appeal, is confined to the exceptions taken in the probate court, and required to give the same judgment that court ought to have given; and this statute cannot govern the practice on such appeals, if a new case is permitted to be made in the Circuit Court.

There was no notice to the appellant of the protest of the bill of exchange, (which objection this court has holden to be well taken, 19 *Ark.* 484,) and no sufficient excuse for want of notice.

To excuse a want of notice, it is necessary that the drawer

have no effects in the hands of the drawee, at any time during the currency of the bill. *Byles on Bills of Exchange* 231. The burthen of proof, to excuse a want of notice, is upon the appellee in this case. 2 *Marsh.* 152; 3 *Bibb* 261; 3 *Conn.* 172.

WILLIAMS & MARTIN, for appellee.

Mr. Justice COMPTON delivered the opinion of the Court.

This was a proceeding in the probate court, for allowance and classification of a claim against the estate of Milton Walker, deceased—being a bill of exchange drawn by Walker, and protested for non-payment. The claim was allowed, and on appeal to the circuit court, the judgment of the probate court was affirmed. An appeal was then prosecuted to this court, where the judgment was reversed, and the cause remanded to the circuit court, with instructions that it be there tried *de novo.* 19 *Ark.* 484. A trial was accordingly had, which resulted in a judgment for the claimant, and the administrator again appealed.

On the trial *de novo* in the circuit court, the claimant was permitted to introduce new proof, or, in other words, proof other than that contained in the record of the case tried in the probate court. This was in accordance with the manifest spirit of our statutory provision regulating the practice in such cases. *Gould's Dig.*, chap. 4, sec. 201, *p.* 138. The first objection, relied on, is not, therefore, well taken. But it is insisted that the excuse for not giving Walker notice, that the bill had been protested for non-payment, was not sufficient. It was shown in evidence, that the drawee had no funds of the drawer in his hands. This was *prima facie* an excuse for want of notice; and if any special circumstances existed, which entitled the drawer to notice without funds, as that he had a right to draw in consequence of engagements between himself and the drawee, or, that on taking up the bill, he had a right to sue the acceptor or any other party, and the like, the *onus* was on

the defendant to show those circumstances—and not having done so, the *prima facie* excuse made out is not rebutted, and must prevail. See *Story on Bills, sec.* 312, *p.* 389.

Let the judgment be affirmed.