## GIBBS *v*. HOPPER.

### Opinion delivered November 3, 1913.

BILLS AND NOTES—CHECK—PROTEST—NOTICE.—Where the drawee bank had no funds of the drawer of a check on said bank, a *prima facie* excuse is made out for not giving the drawer notice of the protest of the check for nonpayment.

Appeal from Montgomery Circuit Court; *C. T. Cotham,* Judge; affirmed.

*G. Witt*, for appellant.

Under sections 505 and 508, Kirby's Digest, appellant was entitled to notice of protest of his check, he being the drawer.

When a debtor gives to his creditor a draft or bill of exchange drawn on a third person and it is received in full satisfaction of a debt, when paid, the person so receiving it assumes the duty of presenting it properly for acceptance and payment, and giving timely notice of its dishonor. Failing in either of these respects, he makes the bill his own, and it is deemed a satisfaction of the debt. 53 Ark. 522; 37 Ark. 282.

Except as otherwise provided by statute, when a negotiable instrument has been dishonored by nonacceptance, or nonpayment, notice of its dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged. Elliott on Contracts, vol. 4, § 3480.

*Appellee, pro se.*

All bills of exchange are governed by the law merchant. Kirby's Digest, § 508. It is not necessary to give notice of the dishonor of an inland bill. 9 Ark. 44.

If it had been a foreign bill, it would not have been necessary, as the drawer had no funds in bank either when the check was given or when it reached the bank for payment.

HART, J. This action was commenced in the justice court by J. F. Hopper against C. D. Gibbs, and on appeal to the circuit court the following facts were proved:

On the 9th day of November, 1912, C. D. Gibbs, in Montgomery County, Arkansas, drew a check on the Caddo Valley Bank, Womble, Arkansas, in favor of W. M. Johnson, for one hundred dollars. Johnson, on the same day, for value received, endorsed the check to J. F. Hopper, and the latter cashed it. On the 11th day of November, 1912, Hopper sent the check to the Bank of Amity, at Amity, Arkansas, where he did his business, and, in the usual course, on the 15th day of November,

1912, the check reached the bank on which it was drawn, and, there being no funds in the bank to Gibbs' credit, the check was protested for nonpayment. Notices were sent to each of the endorsers, but none was sent to Gibbs, the drawer of the check. The testimony shows that there were no funds in the bank to the credit of Gibbs on the 9th day of November, the day the check was drawn, or on the 15th day of November, the day it was protested. The case was tried before the court sitting as a jury and judgment was rendered in favor of the plaintiff, Hopper. From the judgment rendered, Gibbs has duly prosecuted an appeal to this court.

In discussing a precisely similar question, in the case of *Sullivan, Admr.,* v. *Deadman,* 23 Ark. 14, the court said: . "It was shown in evidence that the drawee had no funds of the drawer in his hands. This was *prima facie* an excuse for want of notice; and if any special circumstances existed, which entitled the drawer to notice without funds, as that he had a right to draw in consequence of engagements between himself and the drawee, or, that on taking up the bill, he had a right to sue the acceptor or any other party, and the like, the *onus* was on the defendant to show those circumstances—and, not having done so, the *prima facie* excuse made out is not rebutted, and must prevail. See Story on Bills, § 312, p. 389." See, also, *McRae* v. *Rhodes,* 22 Ark. 315; Story on Bills of Exchange (4 ed.), § 311; 7 Cyc. 1114.

In the present case it was shown in evidence that the drawee bank had no funds of the drawer in its hands, and, under the principles of law above announced, this was *prima facie* an excuse for want of notice. No special circumstances were shown to exist which entitled the drawer to notice.

The case of *Minehart* v. *Handlin,* 37 Ark. 276, relied upon by appellant, has no application to the facts of the present case. In that case the drawee was indebted to the drawer, and the court held, therefore, that he had effects of the drawer in his hands at the time the bill was

drawn and that the drawer had the right to give it and upon its nonpayment was entitled to notice.

It follows that the judgment must be affirmed.